## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANDRE' DREW, 00663-000,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00337-JPG |
| | ) |
| **DR. FIGUEREDO,** | ) |
| **MS. SHAW,** | ) |
| **MR. TRUE,** | ) |
| **MR. MURPHY,** | ) |
| **MS. WOMICK,** | ) |
| **MR. GRUTHIER,** | ) |
| **AND MR. SPROUL,** | ) |
| | ) |
| **Defendants.** | ) |

## NOTICE OF IMPENDING DISMISSAL

**GILBERT, District Judge:**

On April 20, 2020, Plaintiff filed a Complaint for the alleged denial of due process and equal protection by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Administrative Procedures Act, 5 U.S.C. §§ 701-06. (Doc. 1). In the Complaint, Plaintiff claims he was unjustly denied job opportunities at the United States Penitentiary in Marion, Illinois, after he failed to participate in the residential drug abuse treatment program (RDAP) and/or drug education course. (*Id*. at 1-11). He seeks declaratory judgment, permanent injunctive relief, and backpay. (*Id*. at 8-9).

The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed it without prejudice on October 15, 2020. (Doc. 9). Plaintiff was given an opportunity to file a First Amended Complaint on or before November 5, 2020. (*Id*.). He was warned that failure to do so within the allotted time or consistent with the instructions set forth in the Screening Order would result in dismissal of the entire case with prejudice for failure to comply with a court

order and/or for failure to prosecute his claims.  (*Id*. at 9-10) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2)).  He was also warned that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g).  (*Id*.).

Instead of filing a First Amended Complaint, Plaintiff filed an appeal on October 29, 2020.  (Doc. 10).  However, he failed to pay the filing fee for the action.  On December 15, 2020, the Seventh Circuit Court of Appeals dismissed the appeal pursuant to Circuit Rule 3(b).  (Doc. 15).

On December 16, 2020, this Court entered an Order requiring Plaintiff to file a First Amended Complaint on or before January 4, 2021, if he intends to pursue his claims in this action.  (Doc. 16).  He was warned that failure to do so would result in dismissal of the action with prejudice and a strike.  (*Id*.) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2)).  Plaintiff did not file a First Amended Complaint or request an extension of this deadline.  More than a week has passed since it expired.

**IT IS ORDERED** that on or before **JANUARY 22, 2021**, Plaintiff must file a First Amended Complaint in this case.

**Plaintiff is WARNED that failure to do so will result in dismissal of the entire action for failure to comply with a court order and for failure to prosecute his claims.  *See* FED. R. CIV. P. 41(b).  He shall also receive a "strike" under 28 U.S.C. § 1915(g).**

IT IS SO ORDERED.

DATED: January 12, 2021

s/J. Phil Gilbert
J. PHIL GILBERT
U.S. District Judge
