IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDRE' DREW, 00663-000, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00337-JPG |
| | ) |
| DR. FIGUEREDO, | ) |
| MS. SHAW, | ) |
| MR. TRUE, | ) |
| MR. MURPHY, | ) |
| MS. WOMICK, | ) |
| MR. GRUTHIER, | ) |
| and MR. SPROUL, | ) |
| | ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On April 20, 2020, Plaintiff Andre' Drew filed this action pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the Administrative Procedures Act, 5 U.S.C. §§ 701-06. (Doc. 1). In the Complaint, Plaintiff claims he was unjustly denied job opportunities at the United States Penitentiary in Marion, Illinois, after failing to participate in the residential drug abuse treatment program and/or drug education course. (*Id*. at 1-11). He requested declaratory judgment, permanent injunctive relief, and backpay. (*Id*. at 8-9).

The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed it without prejudice on October 15, 2020. (Doc. 9). Plaintiff was given an opportunity to amend the Complaint on or before November 5, 2020. (*Id*.). He was also warned that failure to do so would result in dismissal of the entire case with prejudice and a "strike." (*Id*. at 9-10) (citing FED. R. CIV. P. 41(b); 28 U.S.C. § 1915(g)).

1

Plaintiff instead filed an appeal on October 29, 2020. (Doc. 10). He did so without paying a filing fee or seeking leave to proceed *in forma pauperis*. The Seventh Circuit Court of Appeals dismissed the appeal pursuant to Circuit Rule 3(b) on December 15, 2020. (Doc. 15).

This Court then entered an Order requiring Plaintiff to file a First Amended Complaint on or before January 4, 2021, if he wished to proceed any further with his claims. (Doc. 16). He was again warned that failure to do so would result in dismissal of the action with prejudice and a strike. (*Id.*). He did not file a First Amended Complaint or request an extension of the deadline for doing so.

Therefore, on January 12, 2021, the Court entered a Notice of Impending Dismissal. (Doc. 19). The Court *sua sponte* extended Plaintiff's deadline for filing a First Amended Complaint by ten days to January 22, 2021. Plaintiff was again reminded that the case would be dismissed with prejudice and a strike, if he missed this final deadline. (*Id*. at 2).

The final deadline expired more than ten days ago. (*See* Doc. 19). Plaintiff did not file a First Amended Complaint, and he did not seek an extension of time for doing so. The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to comply with the Court's Orders (Docs. 16 and 19) to file a First Amended Complaint and/or to prosecute his claims. FED. R. CIV. P. 41(b).

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Orders (Docs. 16 and 19) to file a First Amended Complaint and/or prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Because the underlying

Complaint was dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 2, 2021**            s/J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **United States District Judge**